ORIGINAL

kyungaleecpl

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam 96910-5113
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY 19 2006 nbo
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. |
| Plaintiff, | COMPLAINT 06-00019 |
| vs. | MISUSE OF VISA |
| KYUNGA LEE, | [18 U.S.C. §§ 1546(a) & 2] |
| Defendant. | |

THE UNDERSIGNED COMPLAINANT CHARGES UPON INFORMATION AND BELIEF THAT:

On or about the 6th day of May, 2006, within the District of Guam the defendant, KYUNGA LEE, did knowingly present to Customs and Border Protection Officer an application or other document required by the immigration laws or regulations prescribed thereunder, to wit, an I-736 Guam Visa Waiver Information form, which contained a statement, to wit, that she had never applied for an Immigrant/Non-Immigrant United States Visa before, and that she never sought to procure a Visa or other documentation or entry into the United States by fraud or wilful misrepresentation, which the defendant then and there knew was false, in that the defendant KYUNGA LEE had previously applied for a United States student visa which was denied because her documentation was fraudulent, in violation of Title 18, United States Code §§1546(a) and §2.

1

COMPLAINANT FURTHER STATES:

1. I, Byron Farley, am an Enforcement Officer formerly with the U.S. Immigration and Naturalization Service, now with the United States Customs and Border Protection, a component of the Department of Homeland Security. I have been employed by these two agencies for over 17 years.

2. My duties include investigation of violations of Titles 8 and 18 of the United States Code as they apply to violations of U.S. immigration laws. The information contained in this affidavit is based upon witness interviews, the collection of evidence, and document analysis conducted by the affiant. Based upon my knowledge, training, and experience with the Immigration and Nationality Act (I&NA), I hereby make the following affidavit relating to the above named defendant:

3. On May 6, 2006, a South Korean female identified as Kyunga LEE arrived from Seoul, Korea on Korean Air Flight 807 and presented herself for inspection before U.S. Customs and Border Protection Officer (CBPO) S. Duenas. She applied for admission into the US under the Guam Visa Waiver Program and presented the following supporting documents to Officer Duenas: Korean passport number KN0780393 issued to Kyunga LEE; Form I-94 Arrival and Departure Record Form completed in the name Kyunga LEE; Form I-736 Guam Visa Waiver Information. A primary computer check on Ms. Lee showed her as a possible look out match and Officer Duenas referred her to secondary inspection.

4. During secondary inspection checks of the computer database confirmed that Ms. Lee had applied for a US student visa in Seoul and was denied because her supporting documentation was discovered to be fraudulent. Officer San Nicolas took a Q and A statement from Ms. Lee in which she admitted her attempt to obtain a visa by fraud. The shift supervisor decided to refuse her admission and return her to Korea on the next available flight the following day May 7, 2006. Ms. Lee was paroled into the US pending the next available departure for Korea in lieu of being confined to the airport concourse until the flight departed. Ms. Lee ignored the order to return on

2

the next available flight and arrived at the airport to depart on May 18, 2006, eleven (11) days following her scheduled departure.

5. I reviewed Ms. Lee's case file the morning of May 18, 2006 and ran some additional checks to confirm the information in the Department Of State (DOS) lookout. All of the information in the DOS lookout was confirmed. The Form I-736 Guam Visa Waiver Information, completed by Ms. Lee and submitted to the primary inspecting officer indicated in question number 8 that she had never applied for an immigrant or non-immigrant US visa before. She further indicated in question number 9 that she had never sought to procure a visa or other documentation, or entry into the United States by fraud or willful misrepresentation.

6. That afternoon I questioned Ms. LEE after advising her of her rights, which she waived. She admitted that she completed and signed the form I-736 and acknowledged that she had not answered questions 8 and 9 truthfully. She also could not give a valid reason why she had falsified her answers. She further admitted that she was aware that she was ineligible to enter the United States and did not make her scheduled departure as ordered because she did not think it was important.

7. Based on the foregoing, I have probable cause to believe that defendant Kyunga LEE committed the offense of Fraud and Misuse of Visas, Permits and Other Documents, in violation of 18 USC § 1546(a).

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 19th day of May, 2006.

BYRON FARLEY
Enforcement Officer
U.S. Customs & Border Protection

SWORN AND SUBSCRIBED TO before me on this 19th day of May, 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge
District Court of Guam

3