kyungaleeple

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUN 15 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 06-00019 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| KYUNGA LEE, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, KYUNGA LEE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging her with Misuse of a Visa in violation of Title 18, United States Code, Section1546.

2(a) The defendant, KYUNGA LEE, understands that the <u>maximum</u> sentence for Misuse of a Visa is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty to this charge, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

2(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Misuse of a Visa as charged pursuant to 18 U.S.C. § 1546, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly subscribed as true a false statement in an attempt to enter the United States;
>
> Second: the defendant acted with knowledge that the statement was false;
>
> Third: The statement was material to the Immigration and Naturalization's activities or decisions;
>
> Fourth: the statement was made under oath; and
>
> Fifth: the statement was made on an application required by immigration laws or regulations prescribed thereunder.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1982, and is a citizen of Korea.

(d) Defendant KYUNGA LEE is a citizen of Korea. She previously applied for a United States student visa in Seoul, which was denied because her supporting documentation was fraudulent. On May 6, 2006, KYUNGA LEE attempted to enter the United States at the Guam International Airport. She provided statements that she had never applied for an Immigrant/Non-

Immigrant United States Visa before, and that she never sought to procure a Visa or other documentation or entry into the United States by fraud or wilful representation. KYUNGA LEE presented these statements at the Guam International Airport in order to enter the United States. At the time she presented these statements, defendant knew then and there that they were false..

(c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

5. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or

-3-

1 | false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense;

(i) That this plea agreement has been translated into her native language and she fully understands it.

DATED: 6/13/06

KYUNGA LEE
Defendant

DATED: 6/13/06

JIM MCHUGH
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 6/14/06

By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 6-14-06

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-4-